Cynthia Hicks WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 60568.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 23, 1981.

Leighton Cornett, Paris, for appellant.

Tom D. Wells, III, Dist. Atty., Paris, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for felony theft. V.T.C.A. Penal Code, Sec. 31.03(d)(4)(A). After finding appellant guilty, the jury assessed punishment at ten years, probated and a $500.00 fine.

In her sole ground of error, appellant contends that the trial court erred in overruling her motion to suppress evidence she urges was discovered as a result of an unlawful search and seizure.

Reserve Officer John McGee of the Paris Police Department testified that while shopping with his wife at Gibson's Department Store on August 13, 1977 he observed the appellant and her aunt, Deretha Lindsey, first fill a shopping cart with various items and then proceed to leave the cart by the west wall of the store away from the cash register. Subsequently, he observed the appellant and her aunt exit Gibson's without attempting to purchase any of the goods left in their shopping cart. McGee proceeded to follow the appellant out to the parking lot and continued to observe her conduct from the vantage point of his pickup truck. After some time, McGee observed an employee of Gibson's push a dolly containing three large boxes from a fenced area adjacent to Gibson's out to the appellant's car. These boxes were loaded into a black Chevrolet which McGee watched the appellant drive away.

McGee then alerted the assistant store manager, Dan Presley, to what he had observed and Presley stated he would call the police. McGee and his wife, in turn, proceeded to follow the car appellant was driving and McGee radioed the Paris Police Station, via citizen's band radio, of the description of the car and its location in its route out of Paris.

Officer Don Charles Smith, of the Paris Police Department, testified that he responded to a call from the dispatcher alerting him to a black Chevrolet with Oklahoma license plates that had allegedly stolen items from Gibson's Department Store. Smith proceeded to the intersection of Loop 286 and Highway 271, intercepting the vehicle on the outskirts of Paris. Upon receiving consent from the passenger and owner of the automobile, Deretha Lindsey, Officer Smith searched the trunk and discovered three boxes containing various items which displayed Gibson's price tags. McGee and his wife were likewise present and observed both the stopping of the car and the search of the truck. Appellant and her aunt were then arrested by Smith for theft.

Presley and Gibson's Manager Hood testified they did not consent to appellant taking the merchandise without paying for it. Cash register receipts from Gibson's for the date in question failed to show that any of the articles in question were purchased. Cash register receipts offered by appellant were for dates other than the one in question.

Appellant contends that the initial stop of the car was violative of the Fourth Amendment and absent a warrant Officer Smith had no probable cause to detain the vehicle driven by Williams. She claims that Officer Smith could not rely upon a dispatch over the radio to supply the probable cause sufficient to make the initial stop of appellant's automobile.

Independent, eyewitness knowledge by the police of a criminal act has never been delineated as a requirement of the test for probable cause. Conversely, the test as to probable cause is sufficiency of the information known to the officer who requests another officer, by radio or other means, to effect an arrest. See *Merriweather v. State*, Tex.Cr.App., 501 S.W.2d 887; *Brown v. State*, Tex.Cr.App., 443 S.W.2d 261; *Green v. State*, Tex.Cr.App., 470 S.W.2d 901; *McDuff v. State*, Tex.Cr.App., 431 S.W.2d 547; *Weeks v. State*, Tex.Cr.App., 417 S.W.2d 716, cert. den. 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494; *Jones v.*

*State*, 171 Tex.Cr.R. 608, 352 S.W.2d 270; *Beeland v. State*, 149 Tex.Cr.R. 272, 193 S.W.2d 687. Although it is true in appellant's case that neither the arresting officer, nor the police radio dispatcher, individually possessed probable cause for the arrest, they had the right, however, to assume the officer requesting the arrest had sufficient probable cause to justify the initial detention of the appellant. *Muggley v. State*, Tex.Cr.App., 473 S.W.2d 470; see *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; *Weeks v. State*, supra; *Brown v. State*, Tex.Cr.App., 443 S.W.2d 261.

Appellant further contends that McGee had only a mere suspicion or "hunch" that appellant was involved in a theft and that no probable cause existed for the warrantless stop and search of appellant.

■ In *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." Id. at 22, 88 S.Ct. at 1880. The Fourth Amendment is not so strictly construed as to require a law enforcement officer to "simply shrug his shoulders and allow a crime to occur or a criminal escape . . . [if he] lacks the precise level of information necessary for probable cause to arrest." *Adams v. Williams*, 407 U.S. 145, 92 S.Ct. 1921, 32 L.Ed.2d 612. Rather, a standard somewhat less than probable cause has emerged to allow a police officer to make an initial investigatory stop. We have held that in order to justify a stop the peace officer must be able to relate specific and articulable facts which, in light of his experience and personal knowledge taken together with rational inferences from those facts, would constitute more than a mere inarticulate hunch, suspicion, or good faith suspicion that a crime was in progress. See *Hull v. State*, Tex.Cr.App., 613 S.W.2d 735; *McMillan v. State*, Tex.Cr.App., 609 S.W.2d 784; *Brem v. State*, Tex.Cr.App., 571

S.W.2d 314; *Shaffer v. State*, Tex.Cr.App., 562 S.W.2d 853; *Hinson v. State*, Tex.Cr. App., 547 S.W.2d 277. *Accord, United States v. Cortex*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981) ("totality of circumstances" standard for border patrol); *Brown v. Texas*, 443 U.S. 47, 99 S.Ct., 2637, 61 L.Ed.2d 357 ("objective manifestation" standard); *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 ("articulable facts" standard for roving border patrol).

■ Finally, the issue becomes one of appellant's challenge of the legality of the initial stop of appellant's vehicle. As previously stated, cases emphasize that the likelihood a crime has been committed must be determined by the articulable facts related by the officer and not upon any mere hunch he may possess. At trial, McGee testified his decision to alert the Paris Police was based on the following observations and inquiries:

1. Appellant and her aunt were filling their shopping cart with goods and products McGee did not commonly associate with female customers.

2. Rather than taking the full shopping cart to the store check-out stand for purchase, it was abandoned along a side wall of the store.

3. The shopping cart was left near an exit door on the west wall of the store.

4. Appellant exited the store without purchasing any items.

5. Appellant parked the car she was driving in the vicinity of the exit door where the shopping cart had been left and continued to wait by the vehicle.

6. Subsequently, appellant was met by an employee who came out of the side exit and loaded three large boxes from a dolly into the car's trunk.

7. The assistant manager of the store told McGee that he would call the police in response to McGee's relating what had transpired.

Although taken alone these observations and the rational inferences to be drawn

therefrom did not provide probable cause for arrest; taken together, however, these facts and inferences did reasonable warrant the minimal intrusion of the vehicle stop which preceded the consent to search. In the aggregate, those facts known to McGee constituted more than a mere hunch. Although no single element of these circumstances would support the intrusion of appellant's Fourth Amendment rights, McGee's rather lengthy observation of the scenario taken as a whole, and viewed through the eyes of a reasonable police officer on the scene, satisfy the requirement for an investigatory stop. As shown in *Terry v. Ohio,* supra, circumstances arise frequently in day-to-day policework where wholly lawful conduct might justify the suspicion that criminal activity is afoot. See *Reid v. Georgia,* 448 U.S. 438, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980); *United States v. Price,* 2nd Cir., 599 F.2d 494; *United States v. Santana,* 2nd Cir., 485 F.2d 365.

Appellant's argument that the initial stop of her vehicle was illegal, therefore, lacks merit.

█ The subsequent search of the vehicle which resulted in the recovery of stolen property was conducted under the authority of the owner's consent. Such consent was valid as to any items found within the car's trunk. As established by appellant's testimony, all of the property stored in the trunk were items which she and the car's owner had "pitched in together on." Appellant does not challenge the voluntariness of the consent, and there is no evidence in the record to suggest that the consent was other than voluntary. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854; *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242; *Frazier v. Cupp,* 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684; *Collins v. State,* Tex.Cr.App., 548 S.W.2d 368. It is clear that consent to search is not required from the appellant where the "permission to search was obtained from a third party who possessed authority over or other sufficient relationship to the premises or effects sought to be inspected." *Swift v. State,* Tex.Cr.App., 509 S.W.2d 586; see *Swinney v. State,* Tex.Cr. App., 529 S.W.2d 70; *Lowery v. State,* Tex. Cr.App., 499 S.W.2d 160; *Jemmerson v. State,* Tex.Cr.App., 482 S.W.2d 201.

The judgment is affirmed.