In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-145 CR


____________________



JARVIS DURAN LOVELADY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 00-09-05488-CR






OPINION


 Jarvis Duran Lovelady pleaded guilty to an indictment for the third degree felony
offense of possession of a controlled substance, cocaine, in an amount of 1 gram or more
but less than 4 grams. Tex. Health & Safety Code Ann. § 481.115(a),(c) (Vernon
Supp. 2001). The trial court convicted and sentenced Lovelady to five years of
confinement in the Texas Department of Criminal Justice, Institutional Division. 


 After appeal was perfected, appellate counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concludes that the record
presents no arguable error which would support an appeal, a conclusion with which we
concur. On June 28, 2001, Lovelady was given an extension of time in which to file a pro
se brief if he so desired. The appellant did not file a pro se brief. 

 There was no plea bargain agreement between Lovelady and the State. We have
jurisdiction over the appeal. Jack v. State, 871 S.W.2d 741 (Tex. Crim. App. 1994). 
Lovelady filed a written motion to suppress, which challenged the legality of the search
of the automobile from which the contraband was recovered. The trial court conducted
a pre-trial evidentiary hearing and denied the motion to suppress prior to receiving
Lovelady's guilty plea. We assume that the guilty plea is not independent of the denial of
Lovelady's motion to suppress, and have considered the merits of the issues raised in the
pre-trial hearing. See Young v. State, 8 S.W.3d 656, 667 (Tex. Crim. App. 2000). 

 Officer Jerry Elam testified that he stopped Lovelady for driving a motor vehicle
in excess of the posted speed limit. Lovelady did not have a valid driver's license. Officer
Elam observed a set of scales and clear plastic baggies in plain view on the back seat. The
passenger, Michael Williams, owned the vehicle. Williams consented to the search of the
vehicle. As the officer obtained the owner's consent to search the vehicle, and that consent
was not shown to be coerced, Lovelady's consent was not required in order for the officer
to lawfully search the vehicle. Williams v. State, 621 S.W.2d 609, 613 (Tex. Crim. App.
1981).

 We have reviewed the clerk's and the reporter's records, and find no arguable error
requiring us to order appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). Accordingly, we affirm the judgment.

 AFFIRMED.

 PER CURIAM


Submitted on October 22, 2001

Opinion Delivered January 16, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.