Opinion issued December 5, 2002


 









 


In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00056-CR






KENNETH NEIL SCHLANKER, Appellant


V.


STATE OF TEXAS, Appellee






On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 13, 389






O P I N I O N


 A jury convicted appellant, Kenneth Neil Schlanker, of two counts of
possession of a controlled substance. The jury assessed punishment at 20 years
imprisonment and a fine of $10,000 for possession of cocaine, and 10 years
imprisonment and a fine of $10,000 for possession of ecstasy. In four points of error,
appellant challenges his conviction, claiming that (1) the trial court erred by refusing
to grant his motion to suppress evidence, (2) the trial court erred by refusing to grant
his challenge for cause of a prospective juror, (3) the evidence was insufficient as a
matter of law to support his conviction, and (4) he was denied effective assistance of
counsel. We affirm.

Background

 On the evening of March 22, 2001, appellant was a passenger in a pickup truck
that was stopped outside of Brenham for speeding. State Trooper Darrell Kolek
approached the truck and, noticing two men inside, asked the driver to step to the rear
of the truck. When asked about his destination and passenger, the driver, who
seemed extremely nervous and who was shaking noticeably, was unable able to tell
Kolek his passenger's name. Kolek then approached the open windows on the
passenger side of the truck, and asked appellant for identification. As Koleck neared
the passenger side of the truck, he detected the odor of marijuana. Koleck asked
appellant where his trip had originated and its purpose, and appellant gave him
different answers than the driver had. While speaking with appellant, Kolek noticed
an open duffel bag on the floorboard between appellant's feet. When asked by Kolek
for his identification, appellant first removed a small wallet on a cord from around his
neck and searched in this wallet for his identification, then placed the wallet on the
open duffel bag between his legs while he continued searching inside both the wallet
and the duffel bag. After fumbling through both the duffel bag and the wallet,
appellant eventually produced a driver's license that had been torn in half, which he
found inside the smaller wallet. Kolek returned to the driver and asked him whether
he had anything illegal in the truck. The driver said he did not. 

 The driver consented to a search of the truck. Kolek asked appellant to stand
at the front of the truck while he conducted the search. As appellant got out of the
truck, Kolek patted him down and found a knife and approximately $800.00. While 
Kolek searched the vehicle, appellant asked Kolek to retrieve his small black wallet
from the passenger-side floorboard. Before handing appellant his wallet, Kolek
looked inside and found approximately $3500 in cash. Kolek handed appellant the
wallet and continued to search the truck and its contents. The duffel bag Kolek found
on the front seat passenger-side floorboard contained drugs, including marijuana,
cocaine, and ecstasy. Appellant was indicted and tried for possession of the cocaine
and the ecstasy, but not the marijuana. 

Appellant's Motion to Suppress

 In his first point of error, appellant claims the trial court erred by denying his
motion to suppress the drugs Koleck found in the duffel bag. During a pre-trial
hearing on the motion to suppress, when the trial court attempted to clarify the
grounds for the motion, appellant's counsel conceded that the vehicle did not belong
to appellant and further asserted that the bag did not belong to him either. The court
overruled the motion to suppress the drugs found in the duffel bag, ruling that
appellant could not claim an expectation of privacy in the duffel bag if the bag
belonged to the driver, who consented to a search of the entire truck. On appeal,
appellant now claims he did have a reasonable expectation of privacy in the bag based
on Kolek's statement that, before he began his search of the truck, he believed the bag
belonged to appellant and not the driver. Appellant argues that, although he never
claimed ownership of the bag during the search or at his pre-trial suppression hearing,
the consent given by the driver of the truck did not encompass the search of the duffel
bag and the warrantless search was therefore invalid.

 We review a trial court's disposition of a motion to suppress under the
standards set forth in Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). (1) 
We review the trial court's ruling for an abuse of discretion and afford almost total
deference to the court's fact findings, as we review the evidence in the light most
favorable to the court's ruling. Id. On appeal, we are limited to determining whether
the trial court erred in applying the law to the facts. Id.; State v. Derrow, 981 S.W.2d
776, 778 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd).

 In his brief, appellant claims that he had a reasonable expectation of privacy
in the duffel bag, and that the driver's consent to search the truck did not extend to
the duffel bag. Appellant further reasons that, because Kolek stated at the
suppression hearing that he initially believed the bag belonged to appellant when he
approached the truck, he should have obtained consent from appellant to search the
bag. However, at the suppression hearing, Kolek testified that, although he initially
believed the duffel bag belonged to appellant, he believed the driver's consent to
search the truck included the contents of the truck and the duffel bag. Kolek testified
that neither appellant nor the driver of the truck indicated the duffel bag did not
belong to the driver. The following exchange occurred while Koleck was questioned
by the State:

[Q:] During the time that you were searching the truck, at any time did
[appellant] express to you his ownership in the bag that was located in
the truck that was initially between his feet?


[ A:] No sir, he did not. I think I took it upon myself that I just thought
that it was his bag since it was between his legs.


[Q:] But, again, at no time did he ever say, "Excuse me, you can't
search that, that's mine."


[ A:] No, sir.


Additionally, Kolek testified at the suppression hearing that, after the marijuana was
found in the duffel bag, appellant admitted he knew the marijuana was in the duffel
bag. The trial court heard Kolek's testimony at the suppression hearing and viewed
a videotape of the stop, search, and arrest taken from Kolek's patrol car, including the
statements made during the stop by Kolek, the driver, and appellant. 

 It is not necessary to obtain a passenger's consent to search a vehicle where a
valid consent to search is obtained from the car's owner. See Williams v. State, 621
S.W.2d 609, 613 (Tex. Crim. App. 1981). The scope of a driver's valid consent to
search a vehicle extends to the items found within the vehicle and is limited only by
its express terms. See id. Such scope is measured by an objective standard: what
would the typical reasonable person have understood by the exchange between the
officer and the citizen? Florida v. Jimeno, 500 U.S. 248, 251, 111 S. Ct. 1801, 1803-04 (1991). Here, the scope of the driver's consent was apparently unlimited on its
face. Kolek testified that neither the driver nor appellant informed him of the true
ownership of the duffel bag before the search, and, unlike the wallet left in the truck,
appellant did not request to bring the duffel bag with him when Kolek asked him to
wait at the front of the truck during the search. Under an objective review, the
driver's consent to search the vehicle included permission to search all of its contents,
including the duffle bag. See Henson v. State, 915 S.W.2d 186, 195 (Tex.
App.Corpus Christi 1996, no writ) (where owner and driver gave unqualified
permission to search vehicle, a reasonable person could have believed scope of
permission included search of luggage actually belonging to passenger). 
Accordingly, the trial court did not abuse its discretion when it denied appellant's
motion to suppress the evidence found in the duffel bag during the search of the
truck. We overrule appellant's first point of error. 

Challenge for Cause of Prospective Jurors

 Appellant's second point of error claims that the trial court erred by refusing
to grant his challenge for cause of a prospective juror. During voir dire, the court
overruled appellant's challenge for cause of a nurse who had recently seen a
videotape depicting the detrimental physical effects of ecstasy on teenagers. When
the prospective jurors were asked whether they had a friend or a relative who had
been affected by drug use, the nurse responded that she had. When asked whether she
would be able to set that experience aside and be an impartial juror, she stated that,
while she would not be able to set aside the disturbing pictures she saw in the video
and would have difficulty being impartial if presented with evidence that appellant
had intended to sell drugs to teenagers, she would be able to set aside her feelings and
decide the case solely on the evidence presented. The court overruled appellant's
challenge for cause. 

 We may reverse a trial court's ruling on a challenge for cause only upon a
showing of an abuse of discretion. Jones v. State, 843 S.W.2d 487, 497 (Tex. Crim.
App. 1992). The appropriate analysis to be used by the trial court in ruling on the
qualifications of potential jurors is whether their views would prevent or substantially
impair them as jurors from acting in accordance with the judge's instructions and
their juror's oath. Kemp v. State, 846 S.W.2d 289, 295 (Tex. Crim. App. 1992). In
reviewing the trial court's actions, we must defer to the trial court's determinations
regarding venirepersons because the trial court is in the best position to judge their
demeanor and sincerity. Id.; see Butler v. State, 872 S.W.2d 227, 234 (Tex. Crim.
App. 1994).

 Because the prospective juror indicated she would be able to base her decision
solely on the facts presented, we cannot say that the trial court abused its discretion. 
Accordingly, we overrule appellant's second point of error. 

Sufficiency of the Evidence

 In his third point of error, appellant claims the evidence presented was legally
insufficient to support his conviction because it did not affirmatively link him to
knowledge or control of the drugs. Under a legal sufficiency review, we review the
evidence in the light most favorable to the verdict and ask whether any rational trier
of fact could have found beyond a reasonable doubt that appellant was guilty of the
essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979).

 To establish the unlawful possession of a controlled substance, the State must
prove the defendant (1) exercised care, custody, control, or management over the
contraband and (2) knew that what he possessed was contraband. Brown v. State, 911
S.W.2d 744, 777 (Tex. Crim. App. 1995); Cedano v. State, 24 S.W.3d 406, 411 
(Tex. App.--Houston [1st Dist.] 2000, no pet.). Circumstantial or direct evidence
must affirmatively link the accused to the contraband; the connection must be more
than fortuitous. Brown, 911 S.W.2d at 747. Some relevant factors which may
affirmatively link the accused to the drugs include whether the drugs were in plain
view or conveniently accessible to the accused; whether the drugs were found on the
same side of the vehicle as the accused or found in an enclosed space; whether the
odor of drugs was present; whether the accused's conduct indicated a consciousness
of guilt; whether the car's occupants gave conflicting statements about relevant
matters; whether a large amount of cash was present; and whether any affirmative
statements made by the accused connected him to the drugs. See Hurtado v. State,
881 S.W.2d 738, 743 n.1 (Tex. App.--Houston [1st Dist.] 1994, no writ). Control or
possession of the drugs need not be exclusive. Harvey v. State, 487 S.W.2d 75, 77
(Tex. Crim. App. 1972). Further, the individual number of factors linking the
accused to the drugs is not as important as the logical force they create to prove that
the crime was committed. Hurtado, 881 S.W.2d at 743.

 Reviewing the evidence in the light most favorable to the verdict, we find that
the evidence was sufficient to enable a rational juror to find beyond a reasonable
doubt that appellant exercised care, custody, control, or management over the drugs
found in the duffel bag, and was likewise sufficient to establish that appellant knew
the drugs were contraband. Appellant was a passenger in the vehicle in which the
drugs were found; the duffel bag containing the drugs was unzipped on the floor at
his feet; when asked for his identification, appellant searched both in his wallet and
in the duffel bag; Kolek detected the odor of marijuana when he approached
appellant's side of the truck; appellant and the driver gave conflicting accounts of
their reason for traveling together; appellant was carrying over $4,000 in cash; and,
when Kolek began to search the bag and found marijuana in the bag, appellant
admitted he knew the bag contained drugs. We overrule appellant's third point of
error.

Ineffective Assistance of Counsel

 In his fourth point of error, appellant claims that he was denied effective
assistance of counsel during the guilt/innocence phase of his trial. Appellant bases
this claim on his counsel's failure to object to Trooper Kolek's testimony about the
smell of marijuana that he detected when he approached the open windows of the
truck. Appellant was not indicted or tried for the possession of marijuana, and
appellant's trial counsel, before trial began, requested and was granted a motion in
limine instructing witnesses to refrain from offering testimony of extraneous crimes
or misconduct, including crimes not alleged in the indictment. During his testimony,
however, Kolek twice referred to the odor he had detected. The first time Kolek
referred to the smell of marijuana, appellant's counsel objected, and the trial court
sustained the objection and instructed the jury to disregard the statement. However,
appellant's counsel did not object, request an instruction, or move for a mistrial the
second time Koleck mentioned the odor. 

 We review a claim for ineffective assistance of counsel under the standards set
out in Strickland v. Washington, 466 U.S. 668, 695, 104 S. Ct. 2052, 2064 (1984). 
To obtain a reversal because of ineffective assistance of counsel, appellant must show 
(1) counsel's performance was so deficient that counsel was not functioning as the
counsel guaranteed by the sixth amendment; and (2) there is a reasonable probability
that, but for the deficient performance, the result of the proceeding would have been
different. Id.; Mazratian v. State, 961 S.W.2d 353, 357 (Tex. App.Houston [1st
Dist.] 1997, no pet.). The standard of review for effectiveness of counsel is gauged
by the totality of the representation of the accused. Rodriguez v. State, 899 S.W.2d
658, 665 (Tex. Crim. App. 1995). The constitutional right to counsel does not mean
errorless counsel or counsel whose competency is judged by hindsight. Mazratian,
961 S.W.2d at 357. In Mazratian, this Court held that "[a]n isolated failure to object
to certain procedural mistakes does not necessarily constitute ineffective assistance
of counsel. Neither is counsel rendered ineffective merely because counsel might
have made a mistake during trial and other counsel might have tried the case
differently." Id.

 Appellant's trial counsel did not object, request an instruction, or move for a
mistrial after Koleck's second statement regarding the smell of marijuana. In light
of the entirety of his representation, however, we cannot say that his performance fell
below the minimum performance standards set forth in the first prong of Strickland. 
Appellant's counsel properly requested and received a motion in limine, and he
successfully objected elsewhere to prevent the admission of evidence regarding both
the marijuana that was found in the duffel bag and the odor that was detected by
Koleck upon approaching the truck. Further, even if the first prong had been
satisfied, appellant does not demonstrate the harm required by the second prong of
Strickland. Appellant has not demonstrated a reasonable probability that, but for the
deficient performance of his counsel, the result of the proceeding would have been
different. Accordingly, we overrule appellant's fourth point of error.

Conclusion

 Accordingly, we affirm the judgment of the trial court. 

 



 Frank C. Price (2)

 Justice


Panel consists of Justices Taft, Alcala, and Price.

Do Not Publish. Tex. R. App. P. 47.4.
1. 
 
 
 ' 
 
 

2.