SHELBY v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-258-CR

NATHAN EDWARD SHELBY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Nathan Edward Shelby appeals the trial court’s denial of his motion to suppress.  After the trial court denied his motion to suppress, Appellant entered an open plea of guilty to count one of the indictment charging him with possession of methamphetamine of less than one gram.  The trial court sentenced Appellant to six months’ confinement.  In a single issue, Appellant complains that the trial court erred in denying his motion to suppress. We affirm.

FACTUAL BACKGROUND

While he was on patrol of The Parks Mall in Arlington during the Christmas season, Officer Jenkins’ attention was drawn to a car parked in the mall parking lot.  The car was parked on the far east side of the parking garage, away from the mall, and was occupying three parking spots.  Officer Jenkins saw one man standing outside the vehicle,
(footnote: 2) whom he identified as Appellant, and another man occupying the front passenger side of the  car.  He testified that he thought the behavior was suspicious because people do not usually park that far from the mall, given the parking spots available closer to the mall, and because the car was parked across three parking spaces. 

Because he knew that there were a lot of car burglaries in that parking garage, as well as robberies, Officer Jenkins stopped and observed the car for approximately five minutes.  During that time, Appellant continued to do something either under or on the seat.  Appellant then got into the car and drove to another parking lot at the mall.  Officer Jenkins followed the car out of the mall parking lot and across the street into another parking lot on the north side of a car stereo business.  As he pulled his car into the parking lot, Officer Jenkins turned on his lights to indicate his location to other officers because he had called in for backup.  He then approached the occupants.

When Officer Jenkins approached him, Appellant immediately began to tell Officer Jenkins that he had just bought a jacket and he insisted on showing Officer Jenkins the receipt.  Officer Jenkins testified that Appellant was talking fast and was nervous.  In light of Appellant’s actions, Officer Jenkins asked Appellant to step out of the car in order to question Appellant about his intentions at the mall that day away from the passenger. 

Appellant exited the car, and Officer Jenkins conducted a pat-down for officer safety and came across something that he suspected was contraband. He asked Appellant for consent to search his pockets and presented him with a “consent to search form,” which Appellant read over for a very short amount of time and quickly signed.  When he searched Appellant’s pockets, Officer Jenkins found a small bag of what he recognized to be methamphetamine. Officer Jenkins then arrested Appellant for possession of a controlled substance and placed him in the back of the patrol car.  Officer Alvarez assisted Officer Jenkins by running a routine warrant check on the passenger while Officer Jenkins conducted his investigation of Appellant. 

Following Appellant’s arrest, Officer Jenkins conducted an inventory search of the vehicle prior to having it towed.  Upon searching Appellant’s car, Officer Jenkins found over $15,000 in cash and other contraband.  Appellant also had $875 in cash on his person. 

DISCUSSION

In a single issue, Appellant contends that the trial court erred by denying his motion to suppress.  He asserts that the arresting officer did not have reasonable suspicion to make an investigatory detention, his consent to search was not valid, and the unlawful detention vitiated his consent. 

1.  Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

When reviewing a trial court’s ruling on a mixed question of law and fact, the court of appeals may review de novo the trial court’s application of the law of search and seizure to the facts of the case.  
Estrada
, 154 S.W.3d at 607.  When there are no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court’s ruling.  
Id
.  We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.  

To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct.  
Ford v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant.  
Id
.  Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable.
(footnote: 3)  
Id
.

Whether a search is reasonable is a question of law that we review de novo.  
Kothe v. State
, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004).  Reasonableness is measured by examining the totality of the circumstances.  
Id
. at 63.  It requires a balancing of the public interest and the individual’s right to be free from arbitrary detentions and intrusions.  
Id
.  A search conducted without a warrant is per se unreasonable unless it falls within one of the “specifically defined and well-established” exceptions to the warrant requirement.  
McGee v. State
, 105 S.W.3d 609, 615 (Tex. Crim. App.), 
cert. denied
, 540 U.S. 1004 (2003); 
see
 
Best
, 118 S.W.3d at 862.

2.  Investigative Detention

Appellant argues that Officer Jenkins did not have reasonable suspicion to make an investigatory detention.  The State argues that Appellant was not subjected to an investigative detention, and alternatively, that if a detention did occur, it was based on specific, articulable facts.  
The State contends that Appellant was not subjected to an investigative detention because the car was already stopped before Officer Jenkins turned on his emergency lights and the fact that Officer Jenkins turned on his emergency lights does not automatically turn the consensual encounter into an investigative detention. 

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts.  
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); 
Carmouche
, 10 S.W.3d at 328.  A seizure may occur in either of two ways: 1) when a person is subjected to physical force, however slight, or 2) when a person submits to a show of authority.  
See Johnson v. State
, 912 S.W.2d 227, 234 (Tex. Crim. App. 1995). 

In 
Garza v. State
, the State argued that there was no investigative detention of the appellant because the appellant stopped his car at an auto parts store pursuant to a predetermined plan to do so, and the appellant did not stop in response to the patrol car’s flashing lights.  
Garza
, 771 S.W.2d 549, 556 (Tex. Crim. App. 1989).  The court reviewed the testimony of the officers, which indicated that the emergency lights had been turned on before the appellant had pulled into the auto parts store.  
Id
. at 557.  The court determined that, according to the sequence of events, it could not be maintained that a reasonable person under the circumstances would have believed he was free to leave.  
Id. 

Following 
Garza
, Texas cases have held that when an officer turns on his traffic lights, the officer has made a sufficient show of authority to turn a consensual encounter into a detention or seizure.  
See, e.g.,
 
Klare v. State
, 76 S.W.3d 68, 73 (Tex. App.—Houston [14th
 Dist.] 2002, pet. ref’d); 
Hernandez
 
v. State
, 963 S.W.2d 921, 924 (Tex. App.—San Antonio 1998, pet. ref’d).  These cases differ from the present case in a material respect.  The cited cases involve traffic stops of moving vehicles, whereas here, Appellant’s vehicle was stopped prior to the time that Officer Jenkins turned on his emergency lights to indicate to other officers his location.  None of the evidence presented indicates that Officer Jenkins’ use of the emergency lights produced the stop or detention, or that Appellant yielded to Officer Jenkins’ show of authority.

Thus, when Officer Jenkins approached Appellant’s vehicle, there was no seizure; there was an merely an encounter. 
 See Hunter v. State
, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997) (citing 
Florida v. Bostick
, 501 U.S. 429, 434, 111 S. Ct. 2382, 2386 (1991)).  A person is free to talk to a police officer or free to refuse to talk to a police officer during an encounter.  
See id
.  

After Officer Jenkins spoke with Appellant, he asked Appellant to step out of the car.  A detention occurs when a person in a parked car complies with a police order to roll down the window, open the door, or get out of the car.  
Ebarb v. State
, 598 S.W.2d 842, 850 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh’g); 
Martin v. State
, 104 S.W.3d 298, 301 (Tex. App.—El Paso 2003, no pet.).  Thus, even if Appellant was not detained when Officer Jenkins turned on his emergency lights and approached the vehicle, the initial encounter escalated to an investigatory detention when Officer Jenkins asked Appellant to step out of the car.  
See Martin,
 104 S.W.3d at 302
.
  Accordingly, Officer Jenkins’ detention of Appellant must be based on a reasonable suspicion. 

3.  Reasonable Suspicion

In determining the existence of reasonable suspicion, an objective standard is utilized: whether the facts available to the officer at the moment of seizure or search warrant a person of reasonable caution in the belief that the action taken was appropriate.  
See Terry
, 392 U.S. at 21-22, 88 S. Ct. at 1880 (1968); 
Davis v. State
, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997).
  An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law.  
Ford
, 158 S.W.3d at 492.  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.  
Id
. at 492-93.  This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists.  
Id
. at 492.

These “specific, articulable facts” must create a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime. 
 
Davis
, 947 S.W.2d at 244; 
Viveros v. State
, 828 S.W.2d 2, 4 (Tex. Crim. App. 1992); 
Garza
, 771 S.W.2d at 558.  As the 
Terry 
court noted:  “simple ‘good faith on the part of the arresting officer is not enough.’” 
 Terry
, 392 U.S. at 22, 88 S. Ct. at 1880 (quoting 
Beck v. Ohio
, 379 U.S. 89, 97, 85 S. Ct. 223, 229 (1964).  The officer making an investigative detention or stop must be able to articulate something more than an inchoate and unparticularized suspicion or hunch.  
See id
.;
 
Williams v. State
, 621 S.W.2d 609, 612 (Tex. Crim. App. 1981).  The fact that an area is well-known to harbor criminal activity, alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime.  
Illinois v. Wardlow
, 528 U.S. 119, 124, 120 S. Ct. 673, 676 (2000).  Nervous, evasive behavior is a factor to consider in determining reasonable suspicion for a 
Terry 
stop. 
 Balentine v. State
, 71 S.W.3d 763, 769 (Tex. Crim. App. 2002) (citing
 Wardlow
, 528 U.S. at 124, 120 S. Ct. at 676). 

Appellant cites 
Ford 
to support his claim that Officer Jenkins’ testimony in the present case does not provide the specific, articulable facts necessary to justify this investigatory detention.  
See Ford
, 158 S.W.3d at 493-94.  In 
Ford
, a police officer stopped the appellant’s car for violating a traffic law by following another car too closely. 
 Id. 
at 491.  The only testimony that the officer gave about the circumstances leading to the traffic stop was that the suspect had committed a traffic violation of “[f]ollowing too close.”  
Id.  
The court reasoned that this alone cannot amount to reasonable suspicion because mere opinions are ineffective substitutes for specific, articulable facts in reasonable-suspicion analysis.  
Id. 
at 493.  Although the State supported its argument with evidence of the officer’s training and experience to qualify the officer’s judgment in assessing whether Ford was driving his vehicle too closely to another, standing alone, training and experience are insufficient to establish reasonable suspicion.  
Id. 
at 494.  Thus, the court in 
Ford 
found a complete absence of objective factual support in the record.  
Id. 
at 493-94.

In the present case, Officer Jenkins had observed a vehicle parked facing west blocking three parking spots that face north and south.  Officer Jenkins testified that he found this activity to be suspicious because the car was parked in an area where shoppers would not normally park because it would have been a long walk to the mall, and other parking spots located in closer proximity to the mall were available.  He further testified that officers routinely patrol that particular parking area because a lot of crime happens there, the parking area is covered, and it would be difficult to see the happenings there.  Officer Jenkins stated in his report that vehicle burglaries are a problem at the mall during the Christmas season.

Officer Jenkins testified that he observed two males with the vehicle.  The driver’s door was open and the driver, who was later identified as Appellant, was outside the vehicle, bent over and doing something inside. Officer Jenkins could not see what Appellant was doing with his hands.  He testified that, just before Appellant got in the car to leave, it appeared that Appellant might have noticed Officer Jenkins observing him.  After leaving that parking lot, Appellant drove to another retail location, however, neither he nor his passenger exited the vehicle. 

As discussed above, the investigative detention did not begin until after  Officer Jenkins asked Appellant to step out of the car.  Officer Jenkins testified that he spoke with Appellant before he asked Appellant to step out of the car. He testified that, before he could even ask Appellant what he was doing at the mall, Appellant immediately began telling him that he had just purchased a jacket, and he insisted on showing Officer Jenkins the receipt.  In Officer Jenkins’ opinion, Appellant sounded nervous and was talking fast. 

We hold that, based on the totality of the circumstances, Officer Jenkins was able to point to specific, articulable facts to establish reasonable suspicion and justify the investigatory detention of Appellant. 

4.  Consent to Search

Appellant also asserts that the State failed to show by clear and convincing evidence that his consent to search was valid.  Under the Fourth and Fourteenth Amendments, “a search conducted without a warrant issued upon probable cause is ‘per se unreasonable . . . subject only to . . . specifically established and well-delineated exceptions.’“  
Schneckloth v. Bustamonte
, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043 (1973) (quoting 
Katz v. United States
, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967)); 
Rayford v. State
, 125 S.W.3d 521, 528 (Tex. Crim. App. 2003), 
cert. denied
, 543 U.S.  823 (2004).

A search conducted with the consent of the suspect is one such exception, so long as the consent is voluntary.  
Schneckloth
, 412 U.S. at 219, 248-49, 93 S. Ct. at 2043-44, 2059.  The validity of a consent to search is a question of fact to be determined from all the circumstances.  
Ohio v. Robinette
, 519 U.S. 33, 40, 117 S. Ct. 417, 421 (1996); 
Maxwell v. State
, 73 S.W.3d 278, 281 (Tex. Crim. App.), 
cert. denied
, 537 U.S. 1051 (2002).  The federal constitution requires the State to prove the validity of the consent by a preponderance of the evidence; the Texas Constitution requires the State to show by clear and convincing evidence that the consent was valid.  
Maxwell
, 73 S.W.3d at 281. 

The consent must be shown to be positive and unequivocal, free from duress or coercion.  
Meeks v. State
, 692 S.W.2d 504, 509 (Tex. Crim. App. 1985).  Although a police officer's failure to inform the accused that he can refuse consent is a factor to consider, the absence of such information does not automatically render the accused’s consent involuntary.  
Johnson v. State
, 68 S.W.3d 644, 653 (Tex. Crim. App. 2002).  Nor is consent rendered involuntary when the person is under arrest, as long as the officer’s guns are not drawn.  
Id.
 

Here, the trial court entered a written order denying Appellant’s motion to suppress, but never made specific findings of fact or conclusions of law. Officer Jenkins’ testimony reflects that he gave Appellant the consent to search form and that Appellant quickly read and signed it.  Officer Jenkins never told Appellant that he was under arrest or that he would seek to have a search warrant issued if Appellant did not sign the form.  There was no evidence to suggest that Officer Jenkins had his gun drawn or that Appellant was handcuffed when he gave the consent to search.  Appellant never testified at the hearing on the motion to suppress, and Appellant never presented evidence to contradict Officer Jenkins’ testimony. 

Viewing the evidence in the light most favorable to the trial court’s ruling, we hold that the State met its burden of proving by clear and convincing evidence that Appellant’s consent was valid. 

5.  Attenuation

Appellant’s final contention is that the alleged unlawful detention vitiated his consent to search, and that the taint was not shown to have been attenuated.  As discussed above, an examination of the evidence reveals that his detention was not unlawful and his consent was freely and voluntarily given. 
 See Simmons v. State
, 504 S.W.2d 465, 471 (Tex. Crim. App.) (holding that defendant’s confessions were not vitiated by his detention when evidence showed ample reason for the detention and the confession was otherwise shown to be voluntary), 
cert. denied
, 419 U.S. 829 (1974).  Consequently, Appellant’s contention is without merit.

Because Officer Jenkins had a reasonable suspicion sufficient to justify his investigatory detention and the State met its burden of proving that Appellant’s consent was valid, we hold that the trial court did not err in denying Appellant’s motion to suppress.  Accordingly, we overrule Appellant’s sole issue.

CONCLUSION

Having overruled Appellant’s sole issue, we affirm the judgment of the trial court.

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 16, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
It is not clear from the record precisely what Appellant was doing outside the car, because the officer stepped down from the witness stand and was illustrating his actions.  The record merely reflects that “one of the male occupants was out of the vehicle and was bent over in the vehicle doing something of this nature.” 

3:
The State stipulated that the detention and arrest of Appellant was warrantless.