**Deloyd HILL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 492–82.**

Court of Criminal Appeals of Texas.

Nov. 24, 1982.

Allen C. Isbell, Houston, on appeal only, for appellant.

John B. Holmes, Jr., Dist. Atty. & Winston E. Cochran, Jr., & Kay Burkhalter, Asst. Dist. Atty's., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Trial was before the jury upon appellant's plea of not guilty of rape. After the jury found appellant guilty, the court found that he had been convicted of one prior felony. Punishment was assessed at ninety-nine years. The conviction was affirmed by the Court of Appeals for the Fourteenth Supreme Judicial District. We granted appellant's petition for discretionary review in order to examine the Court of Appeals' holding that appellant's motion to suppress was inadequate, its opinion stating:

"In our opinion appellant's imprecise, general motion and objection did not apprise the trial court of the legal ground of his complaint. Appellant failed to specify the statutory grounds of his complaint and has therefore waived error on appeal."

The Court further noted that if the umbrella, seized as the fruit of an illegal arrest, was improperly admitted, the error was harmless beyond a reasonable doubt.

The prosecutrix made an unequivocal identification of appellant as the person who raped her on December 29, 1979 and forced her to leave her apartment with him. Appellant held an umbrella in his hand and used it in a threatening manner. A neighbor, Chester Halliburton, identified appellant as the person seen leaving the apartment with the prosecutrix at the time in question.

The next day, the prosecutrix spotted appellant. Her husband's brothers went looking for appellant and found him, effecting a citizen's arrest. Appellant, who was eventually turned over to the Houston Police Department, was carrying the umbrella when arrested.

Before trial, appellant sought to have the umbrella excluded. To that end he filed, "Defendant's Motion to Suppress and Return Evidence Obtained By Unlawful Search and Seizure." In support of his motion, appellant noted, "The Defendant was arrested in Houston, Harris County, Texas, on December 30, 1979, at gunpoint by *private citizens* acting as vigilantes without legal process in that *the Defendant had not committed any offense in the presence of or in the view of the arresting private citizens*." (Emphasis added).

Art. 14.01, V.A.C.C.P. provides:

"Art. 14.01. Offense Within View.

"(a) A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

"(b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

In *Zillender v. State,* Tex.Cr.App., 557 S.W.2d 515, 517, we stated:

"... [A] number of exceptions to the general rule that a party cannot complain on appeal to the overruling of a general objection or an imprecise specific objection have been created ... *Thus, where the correct ground of exclusion was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection.*" (Emphasis added).

While appellant's motion may have left something to be desired from the standpoint of clarity, it was sufficient to apprise the trial court that the appellant sought to exclude evidence which was the fruit of an illegal arrest *under State law.*

Appellant's motion was very similar in wording to the language in Art. 14.01, supra, a statute familiar to trial courts and prosecutors throughout the State.

In *Irvin v. State,* Tex.Cr.App., 563 S.W.2d 920, another case involving an illegal arrest by private citizens necessitating the exclusion of evidence under Art. 38.23, V.A.C. C.P., we held that the appellant preserved his ground of error with respect to the illegally seized evidence when the objection was as follows:

"MR. SCHILTER: Your Honor, we would object to the admission of any of those exhibits into evidence on the basis that there's no proof that they were taken from the defendant while in custodial arrest. If that arrest was improper, we feel that the arrest was improper and object to it at this time."

In the instant case, the appellant's motion was more specific than Irvin's objection. The heading referred to "... Evidence Obtained By Unlawful Search and Seizure," and the body of the motion referred to an arrest by private citizens in language similar to a long extant state statute.

We agree, however, with the Court of Appeals that the error involved in admitting the umbrella was harmless beyond a reasonable doubt.

The judgment of the Court of Appeals is affirmed.

ROBERTS, J., concurs in the result.