ACCEPTED
03-15-00340-CV
7912210
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/19/2015 4:16:59 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-15-00340-CV

IN THE COURT OF APPEALS
FOR THE
THIRD JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/19/2015 4:16:59 PM
JEFFREY D. KYLE
Clerk

_____

————

CHRISTOPHER JAROSZEWICZ, APPELLANT

VS.

TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLEE

_____

ON APPEAL FROM THE COUNTY COURT AT LAW NO. TWO
TRAVIS COUNTY, TEXAS
TRIAL COURT NO. C-1-CV-15-001468

_____

APPELLANT'S BRIEF
_____

KEVIN FINE
State Bar No. 00790682
P.O. Box 312
Boerne, Texas 78006
830-542-2230/Boerne
512-593-1383/Austin
713-299-1923/Houston (cell)
888-803-8721/efax
kfine@kevinfinelaw.com

ATTORNEY FOR APPELLANT

ORAL ARGUMENT IS WAIVED

## IDENTIFICATION OF THE PARTIES

| | |
|---|---|
| Christopher Jaroszewicz | Appellant |
| Tex. Dep't Pub. Safety | Appellee |
| Kevin Fine<br>P.O. Box 312<br>Boerne, Texas 78006 | Appellant's<br>Counsel |
| Kevin Givens<br>P.O. Box 15327<br>Austin, Texas 78761 | Appellee's<br>Counsel |
| Wendy L. Harvel | Administrative<br>Law Judge |
| Honorable Eric M. Shepperd | Trial Court Judge |

# TABLE OF CONTENTS

Identification of the Parties..........................................................................i

Table of Contents.....................................................................................ii

List of Authorities..................................................................................iii

Procedural History ................................................................................. 1

Summary of the Arguments.................................................................... 1

ISSUE ONE
        WHETHER ERROR WAS PRESERVED ......................................... 2

ISSUE TWO
        WHETHER THERE WAS REASONABLE SUSPICION TO STOP
        APPELLANT FOR SPEEDING? ......................................................... 6

        Standard of Review ......................................................................... 6

        ISSUE TWO(a)
                Whether Evidence of Appellant's Speed, as Determined by
                Radar, was Admissible?............................................................ 8

        ISSUE TWO (b)
                Whether a Non-testifying Officer's Written Legal
        Conclusion, that Appellant was Driving at a High Rate of
        Speed, without more, is Sufficient to Establish Reasonable
        Suspicion? ..................................................................................... 11

PRAYER ................................................................................................ 14

APPENDIX
        1. Administrative Decision          23
        2. Court Order                      24
        3. Tex. Gov. Code § 2001.174       25
        4. Tex. Transp. Code § 524.043     26
        5. Tex. Transp. Code § 724.042     27
        6. Tex. Transp. Code § 724.047     29

# TABLE OF AUTHORITIES

**CASES**

*Crook v. State*, 2013 WL 6164058 (Tex. App. – Houston (14th Dist.]
 November 21, 2013)................................................................................ 14
*Curran v. State*, 2011 WL 446191 (Tex. App. – Amarillo February 8, 2011)
 ............................................................................................................. 14
*Deramus v. State*, 2011 WL 582667 (Tex. App. – Fort Worth February 17,
 2011) ................................................................................................... 13
*Dillard v. State*, 550 S.W.2d 45 (Tex. Crim. App. 1977)............................. 12
*Heredia v. State*, 2007 WL 1704952 (Tex. App. – El Paso June 14, 2007). 13
*Hill v. State,* 641 S.W.2d 543 (Tex. Crim. App. 1982) ............................. 2, 6
*Icke v. State*, 26 S.W.3d 913 (Tex. App. – Houston [1st Dist.] 2001, no pet)
 ............................................................................................................. 13
*Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992)...................... 2, 6, 8
*Loesch v. State*, 958 S.W.2d 830, 832 (Tex. Crim. App. 1997) ............... 5, 11
*Maysonet v. State*, 91 S.W.3d 365 (Tex. App. – Texarkana 2002, pet. ref'd)
 ........................................................................................................... 9, 10
*Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); .......... 7
*Nielsen v. State*, 102 S.W.3d 313 (Tex. App. – Beaumont 2003 ____) ....... 13
*Ochoa v. State*, 994 S.W.2d 283 (Tex. App. – El Paso 1999, no pet.); .......... 9
*Samuel v. State*, 688 S.W.2d 492 (Tex. Crim. App. 1985),........................... 3
*Simpson v. State*, 2008 WL 4367960 (Tex. App. – Amarillo September 25,
 2008 ................................................................................................... 13
*Smith v. State*, 1998 WL 46736 (Tex. App. – Dallas February 6, 1998)...... 13
*Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006).......... 8
*Tex. Dep't Pub. Safety v. Naraez*, 2014 WL 5410758 (Tex. App. – Corpus
 Christi October 23, 2014)...................................................................... 14
*Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d
 446, 452 (Tex. 1984)............................................................................... 7
*Thomas v. State*, 2007 WL 1404425 (Tex. App. – El Paso June 11, 2007) . 13
*Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013).................... 6
*Williams v. State*, 621 S.W.2d 609, 612 (Tex. Crim. App. 1981). ........... 5, 11
*Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).................. 2

**STATUTES**

TEX. CODE CRIM. P. art. 38.23 .................................................................... 3
TEX. GOV'T CODE § 2001.174.................................................................... 7

TEX. TRANSP. CODE § 524.043 ....................................................................... 7

TEX. TRANSP. CODE § 724.042 ....................................................................... 5

TEX. TRANSP. CODE § 724.047 ....................................................................... 7

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

COMES NOW, Christopher Jaroszewicz, Appellant in the above-styled and numbered cause, and files this his Appellant's brief and, with respect thereto, would show the Court the following:

## I. PROCEDURAL HISTORY

Appellant was arrested for DWI on October 11, 2014. CR at 42. He refused to give a sample of his breath or blood. CR 43. Appellant timely requested an ALR hearing, pursuant to Chapter 724 of the Texas Transportation Code, which was held February 2, 2015. CR at 33. The ALJ ruled against Appellant and authorized the Department to suspend Appellant's driver's license. CR at 16. On February 19, 2015, Appellant timely appealed to the civil County Court at Law No. Two, Travis County, Texas. CR at 4. On April 30, 2015, the trial court took up the matter of Appellant's appeal. RR at 1. Following the hearing, the trial court upheld the ALJ decision to authorize the suspension of Appellant's license. This appeal followed.

## II. SUMMARY OF THE ARGUMENTS

The arresting officer did not testify at the ALR hearing. The only evidence offered to establish reasonable suspicion that Appellant was

1

speeding was a two-sentence conclusion that Appellant was observed speeding and such speeding was confirmed by radar. However, neither statement should have been allowed in evidence but should have been excluded. First, the Department offered no evidence to establish the second or third prongs of *Kelly v. State infra*. As such the radar evidence was not admissible and should have been excluded. Second, the officer's written, conclusory statement that Appellant was traveling at a high rate of speed falls short of demonstrating specific articulable facts coupled with logical inferences from those facts that there was reasonable suspicion to justify the traffic stop for speeding. This evidence, too, should have been excluded.

### III. ISSUE ONE
### WHETHER ERROR WAS PRESERVED?

Appellant first addresses the Department's contention that his objection to the evidence was insufficient. In *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977) the Court of Criminal Appeals recognized that:

> A number of exceptions to the general rule that a party cannot complain on appeal to the overruling of a general objection or an imprecise specific objection have been created . . . *Thus, where the correct ground of exclusion was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection*. [Emphasis in original.]

In *Hill v. State,* 641 S.W.2d 543 (Tex. Crim. App. 1982), the Court of Criminal Appeals stated that a "catchall" objection "may have left something to be desired from the standpoint of clarity," was nevertheless sufficient to apprise the court of the nature and basis of the defendant's objection. *Id.* at 544. In *Hill* the defendant made a general objection to the admissibility of his post arrest silence after being subjected to a vigilante arrest at gunpoint. The Court of Criminal Appeals held that such an objection, under the facts and circumstances of that case was sufficient to apprise the trial court that his objection to evidence of his post-vigilante arrest silence was based on TEX. CODE CRIM. P. art. 38.23.

Likewise, in *Samuel v. State*, 688 S.W.2d 492 (Tex. Crim. App. 1985), the defendant's objection was more of an afterthought. Counsel, following an objection to a question as leading, stated "I'll object to statements made after [defendant] was under arrest." The Court of Criminal Appeals held that this was a sufficient objection, under the facts and circumstances of that case, to preserve error for violating TEX. CODE CRIM. P. art. 38.22.

The sole issue in the present case has always been the sufficiency of the evidence to establish reasonable suspicion to conduct a traffic stop. It was the first of five issues to be determined by the administrative law judge

(ALJ) and the only contested issue at the administrative license revocation (ALR) hearing. *See* CR at 16.[1] Appellant always maintained, in one form or another, that the only evidence concerning reasonable suspicion was not admissible and, therefore, reasonable suspicion could not be established.

Counsel objected to the reasonable suspicion evidence as follows:

Your Honor, we would object to . . . part of the DIC-23 wherein the officer states . . . his ability to determine an excessive rate of speed and also wherein he states that he used radar to determine the actual speed.

CR at 33-34. It is important to note that these arguments are made everyday in ALR hearings. Counsel for the Department said as much to the trial court judge on the initial appeal. *See* RR at 14. That certainly demonstrates that counsel's objection was not new or novel to the ALJ or the Departments ALR prosecutor.

Additionally, at the time the objection was made, the ALJ was holding Department's Exhibit 1 in her hands. CR at 33, 42. The officer did not testify at the ALR hearing and, thus, the sum total of evidence offered to establish reasonable suspicion was Department's Exhibit 1, the DIC-23. The exhibit contained a two sentences purporting to establish reasonable

---

[1] CR denotes Clerk's Record followed by the page number. RR will denote the Reporter's Record followed by the page number.

[2] This issue is divided into two parts: (1) whether evidence of Appellant's speed as determined by radar was admissible?; and (2) whether a non-testifying officer's written legal conclusion, that Appellant was driving at a high rate of speed, without

suspicion. The officer, who was the affiant, stated "Your affiant observed a black 2013 Dodge truck . . . pass WB on W. 6th at a high rate of speed for the 30 mph zone. Your affiant measured the speed at 45 mph using Doppler radar." CR at 42. As a result, there were only two means of establishing reasonable suspicion before the ALJ – observation of speed and use of radar. Counsel objected to the admissibility of both and, hence, the sufficiency of evidence to establish reasonable suspicion. Within the confines of an ALR hearing, where reasonable suspicion is a, if not the, seminal issue anytime a breath or blood test refusal is involved, such an objection is neither new, nor novel. TEX. TRANSP. CODE § 724.042.

To establish reasonable suspicion, an officer must have specific articulable facts, which, based on his experience and personal knowledge, and coupled with the logical inferences from those facts would warrant the intrusion on the person detained. These facts must amount to more than a mere hunch or suspicion. *Williams v. State*, 621 S.W.2d 609, 612 (Tex. Crim. App. 1981). The determination of the presence of reasonable suspicion is a factual one and is made and reviewed by considering the totality of the circumstances at the time of the stop. *Loesch v. State*, 958 S.W.2d 830, 832 (Tex. Crim. App. 1997). In other words, in terms of a traffic stop, there must be some factual basis to conduct the stop.

5

In an ALR setting, where speeding is the legal basis for a traffic stop, objections to this evidence are limited to the sufficiency of the factual basis for the officer's opinion concerning his observations of speed and to an analysis, under *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992), of the admissibility of radar evidence used to detect the speed of a vehicle. There are no other objections.

As has been said, "so long as it appears from an appellate record that [the court and the opposing counsel understood the objection], it should not matter to the appellate court whether the objecting party used a particular 'form of words'—or any particular words at all, if meaning is adequately conveyed by context." *Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013). Under the facts and circumstances of the case at bar, counsel's objections were sufficient to apprise the ALJ and the Department's prosecutor of the nature and basis of counsel's objections. *See Hill supra.*

## IV. ISSUE TWO
WHETHER THERE WAS REASONABLE SUSPICION TO STOP APPELLANT FOR SPEEDING?[2]

### A. Standard of Review

---

[2] This issue is divided into two parts: (1) whether evidence of Appellant's speed as determined by radar was admissible?; and (2) whether a non-testifying officer's written legal conclusion, that Appellant was driving at a high rate of speed, without more, is sufficient to establish reasonable suspicion?

"[Reviewing] courts review administrative license suspension decisions under the substantial evidence standard." *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *see* TEX. TRANSP. CODE § 724.047 ("Chapter 524 governs an appeal from an action of the department, following an administrative hearing under this chapter, in suspending or denying the issuance of a license."); TEX. TRANSP. CODE § 524.043 (establishing rules for appeal but not defining scope of review). Courts presume the ALJ's decision is supported by substantial evidence and the complaining party has the burden to prove otherwise. *Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984). In contested cases, if more than a scintilla of evidence supports the administrative findings, a reviewing court will affirm those findings; "[i]n fact, an administrative decision may be sustained even if the evidence preponderates against it." *Mireles*, 9 S.W.3d at 131. Under the Administrative Procedure Act, reviewing courts may not substitute their judgment for

> the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but . . . (2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole. . . .

7

TEX. GOV'T CODE § 2001.174. A court of appeals will review the county civil court at law's substantial evidence review of the administrative ruling de novo. *See Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (noting that ALJ's findings of fact are entitled to deference but that "whether there is substantial evidence to support an administrative decision is a question of law" and as such, neither the civil county court at law's nor the ALJ's determination of an issue is entitled to deference on appeal).

## B. ISSUE TWO(a)
### Whether Evidence of Appellant's Speed, as Determined by Radar, was Admissible?

In the present case, the arresting officer did not testify. CR 33-34. The only evidence offered to establish reasonable suspicion was the DIC-23, which incorporated an arrest warrant affidavit. CR at 41-42. Concerning the use of Doppler radar to determine Appellant's speed, the only evidence offered was a conclusory statement that "Your affiant measured the speed at 45 mph using Doppler radar."

The proponent of evidence based on a scientific theory must show, by clear and convincing evidence, that the evidence is (1) reliable and (2) relevant to assist the fact finder in fulfilling its duty. *Kelly*, 824 S.W.2d at 572. To be reliable, evidence derived from a scientific theory must satisfy three criteria: (1) the underlying scientific theory much be valid; (2) the

8

technique applying the theory must be valid; and (3) the technique must have been properly applied on the occasion in question. *Id.* at 573. This test applies to the admissibility of radar evidence. *See Ochoa v. State*, 994 S.W.2d 283 (Tex. App. – El Paso 1999, no pet.); and *Maysonet v. State*, 91 S.W.3d 365 (Tex. App. – Texarkana 2002, pet. ref'd).

In *Ochoa*, the El Paso court, contrary to most other courts of appeal, held that all three *Kelly* criteria had to be met before the radar evidence in that case could be admitted. *Ochoa*, 994 S.W.3d at 285. The officer testified in *Ochoa*, but was unable to establish the first *Kelly* prong. That is to say, the officer could not establish the validity of the underlying scientific theory of the radar device. *Id.* Notably, the court held that the officer established prongs two and three of *Kelly* by testifying that he had been certified to use the hand-held radar; that he had calibrated and tested the radar instrument the day he stopped Ochoa; and that he was able to confirm that radar guns emit a microwave which strikes an object and returns to the gun and thus calculates the speed of the object. *Id.* The El Paso court went on to hold that admission of the radar evidence was harmless because there was other evidence in the record to establish the defendant was speeding. Specifically, the officer testified, without objection from Ochoa, that he observed the defendant driving at a high rate of speed. Because there was no objection,

there was nothing preserved for review as concerned the officer's stated observation. *Id.*

In *Maysonet*, the Texarkana court held that radar detection is a well-established scientific theory and, thus, no evidence is required to establish the first prong of *Kelly*. *Maysonet*, 91 S.W.3d at 371. That is to say, the court of appeals held that the scientific validity of radar detection has been established as a matter of law. *Id*. The officer is that case testified that he had used radar equipment since for three years and had calibrated and tested the radar unit a day before he stopped Maysonet for speeding. *Id.* at 370. He also testified that the gun itself calculates the speed of the object based on a signal that reflects back to the gun after bouncing off the object. *Id*. The court, therefore, held that the radar evidence was admissible against Maysonet. However, the court of appeals also stated:

> Our holding today, how ever, does not mean radar evidence must not undergo rigorous scrutiny under both the second and third prongs of the *Kelly* test, only that the underlying scientific theory of radar is valid. The State must still establish that the officers applied a valid technique and that it was correctly applied on the particular occasion in question.

*Id.* at 371.

In both *Ochoa* and *Maysonet*, the courts of appeal had before them a record containing the testimony of the arresting officers. In each case, the officer was able to establish the second and third prongs of *Kelly*. In the

present case, however, the officer did not testify. The only evidence concerning the radar device offered at the ALR hearing was one sentence from the DIC-23 – "Your affiant measured the speed at 45 mph using Doppler radar." CR at 42. There was no evidence offered to show the officer's knowledge and experience of the radar unit, how it operated, whether he calibrated the unit, or even knew how to calibrate it, whether he tested the unit, or even knew how to test it, or how long he had been using radar to detect speed, if ever. In the absence of such evidence, the Department wholly failed to establish prongs two or three of *Kelly* and the radar evidence should have been excluded.

## C. ISSUE TWO(b)
Whether a Non-testifying Officer's Written Legal Conclusion, that Appellant was Driving at a High Rate of Speed, without more, is Sufficient to Establish Reasonable Suspicion?

Once again, in order to establish reasonable suspicion, an officer must have specific articulable facts, which, based on his experience and personal knowledge, and coupled with the logical inferences from those facts would warrant the intrusion on the person detained. These facts must amount to more than a mere hunch or suspicion. *Williams*, 621 S.W.2d at 612. The determination of the presence of reasonable suspicion is a factual one and is made and reviewed by considering the totality of the circumstances at the

11

time of the stop. *Loesch*, at 832. In other words, in terms of a traffic stop, there must be some factual basis to conduct the stop.

In the present case, the officer did testify at the ALR hearing. The only evidence offered that Appellant was speeding was a two sentence written statement of the arresting officer. For purposes of this issue, there was one sentence in the DIC-23 wherein the officer wrote "Your affiant observed [Appellant] pass WB on W. 6th St. at a high rate of speed." CR at 42. The record is void of any factual basis for determining whether Appellant was traveling at a high rate of speed. There were no specific articulable facts stated in the DIC-23. Neither was there any demonstration of the officer's knowledge and experience in making such a determination. The conclusory statement amounts to nothing more than a mere hunch or suspicion.

The Department cites several cases where testimony from the arresting officer, that they observed the defendant traveling at a high rate of speed, was sufficient to establish reasonable suspicion. In each of these cases, however, the officer actually testified. Every case cited by the Department has some factual basis to conclude the defendant was speeding. The cases recite specific articulable facts, which, coupled with logical inferences from those facts, give rise to reasonable suspicion to justify a

12

traffic stop. *See Dillard v. State*, 550 S.W.2d 45 (Tex. Crim. App. 1977)(officer testified he turned around and pursued the vehicle); *Icke v. State*, 26 S.W.3d 913 (Tex. App. – Houston [1st Dist.] 2001, no pet)(officer testified he saw vehicle driving ahead of other cars on the roadway); *Nielsen v. State*, 102 S.W.3d 313 (Tex. App. – Beaumont 2003 ____)(officer testified vehicle was speeding in the turn lane passing other vehicles); *Smith v. State*, 1998 WL 46736 (Tex. App. – Dallas February 6, 1998)(not designated for publication)(Officer testified he heard an engine racing then observed the vehicle traveling at a high rate of speed); *Heredia v. State*, 2007 WL 1704952 (Tex. App. – El Paso June 14, 2007)(not designated for publication)(officer testified he observed vehicle overtaking other vehicles and that he paced the vehicle to determine its speed); *Thomas v. State*, 2007 WL 1404425 (Tex. App. – El Paso June 11, 2007)(not designated for publication)(officer testified he was able to visually estimate the vehicle's speed at 60 mph in a 55 mph zone); *Simpson v. State*, 2008 WL 4367960 (Tex. App. – Amarillo September 25, 2008)(not designated for publication)(officer testified that he visually estimated the vehicle was traveling at 70 mph in a 60 mph zone); *Deramus v. State*, 2011 WL 582667 (Tex. App. – Fort Worth February 17, 2011)(not designated for publication)(officer testified as to his vast experience in determining the

speed of vehicles and that he hear a loud engine noise that was coming from the subject vehicle); *Curran v. State*, 2011 WL 446191 (Tex. App. – Amarillo February 8, 2011)(not designated for publication)(officer testified driver admitted to the officer he was speeding); *Crook v. State*, 2013 WL 6164058 (Tex. App. – Houston (14th Dist.] November 21, 2013)(not designated for publication)(officer testified he observed vehicle traveling faster than other cars on the roadway); *Tex. Dep't Pub. Safety v. Naraez*, 2014 WL 5410758 (Tex. App. – Corpus Christi October 23, 2014)(not designated for publication)(officer testified the vehicle appeared to be traveling faster than the posted 30 mph speed limit).

Not a single case cited above in analogous to the case at bar. As previously stated, here the officer did not testify and the only evidence offered to establish reasonable suspicion that Appellant was speeding, as concerns this issue, was an unsupported written statement that Appellant passed the officer's location at a high rate of speed. There is no indication in the record of the officer's knowledge and experience or facts or inferences drawn from facts that amount to specific articulable facts to establish the necessary reasonable suspicion to justify the traffic stop. Therefore, this evidence, too, should not have been admitted.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays this court reverse the ALJ's finding and the trial court's finding and render a decision that the Department is not authorized to suspend Appellant's driver's license and order the Department to take all measures to reinstate Appellant's driver's license forthwith.

RESPECTFULLY SUBMITTED,

\_\_/s/ Kevin Fine_____
KEVIN FINE
State Bar No. 00790682
P.O. Box 312
Boerne, Texas 78006
830-542-2230/Boerne
512-593-1383/Austin
713-299-1923/Houston (cell)
888-803-8721/efax
kfine@kevinfinelaw.com

ATTORNEY FOR APPELLANT

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above motion was provided to the Dep't of Public Safety, via efiling to Kevin Givens, Kevin.Givens@dps.texas.gov, on this the 16th day of November, 2015.

___/s/ Kevin Fine_____
KEVIN FINE

CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Tex. R. App. P. 9.4(i)(3), that this brief contains 3915 words according to the MS Word program, excluding the title page.
SIGNED this 16th day of November, 2015.

___/s/Kevin Fine_____
Kevin Fine

APPENDIX

1. Administrative Decision        23
2. Court Order                    24
3. Tex. Gov. Code § 2001.174      25
4. Tex. Transp. Code § 524.043    26
5. Tex. Transp. Code § 724.042    27
6. Tex. Transp. Code § 724.047    29

K

## DOCKET NO. 2014-12-51051

| | | |
|---|---|---|
| **TEXAS DEPARTMENT OF PUBLIC SAFETY** | § | **BEFORE THE STATE OFFICE** |
| | § | |
| **v.** | § | **OF** |
| | § | |
| **CHRISTOPHER JAROSZEWICZ** | § | **ADMINISTRATIVE HEARINGS** |

### ADMINISTRATIVE DECISION

On February 2, 2015, a hearing was held. Having heard and considered the evidence, the Administrative Law Judge finds that the State Office of Administrative Hearings has jurisdiction over this cause and further finds the facts below were proven by a preponderance of the evidence:

### FINDINGS OF FACT

1) On October 11, 2014, reasonable suspicion to stop the Defendant existed, in that the Defendant drove 45 miles per hour in a 30 miles-per-hour zone.

2) On the same date, probable cause to arrest the Defendant existed because he had the strong odor of an alcoholic beverage on his breath. He exhibited six clues on the HGN test. He refused to perform the walk and turn and one leg stand tests.

3) Defendant was placed under arrest and was properly asked to submit a specimen of breath or blood.

4) After being requested to submit a specimen of breath or blood, Defendant refused.

5) Defendant has had one or more alcohol or drug related enforcement contacts during the ten years preceding the date of Defendant's arrest as is indicated on Defendant's driving record;

### CONCLUSIONS OF LAW

Based on the foregoing, the Judge concludes the Department proved the issues set out in Tex. Transp. Code § 524.035 or 724.042 and that Defendant's license is subject to a suspension for 2 years pursuant to Tex. Transp. Code § 724.035.

In accordance with the above findings and conclusions, the Judge hereby enters the following order:

### ORDER

The Department is authorized to suspend or deny Defendant's driving privileges for the period indicated above.

This decision may be appealed pursuant to Tex. Transp. Code. § 524.041 and 1 Tex. Admin. Code §§ 159.253 and 159.255.

**Signed February 2, 2015.**

WENDY K. L. HARVEL
**ADMINISTRATIVE LAW JUDGE**
**STATE OFFICE OF ADMINISTRATIVE HEARINGS**

7

## CAUSE NO. C-1-CV-15-001468

| | | |
|---|---|---|
| CHRISTOPHER JAROSZEWICZ, Appellant, | § § § § | IN THE COUNTY COURT |
| vs. | § § | AT LAW NUMBER TWO |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee. | § § § § § | TRAVIS COUNTY, TEXAS |

## ORDER

ON the 30th day of April, 2015, the Court heard Appellant Christopher Jaroszewicz's Petition for Appellate Review of a decision rendered by the State Office of Administrative Hearings ("SOAH") suspending his license for two (2) years.

The Court, having considered the Petition, Answer, SOAH administrative record on appeal, and argument of counsel, is of the opinion that the decision of SOAH is supported by substantial evidence and should be affirmed.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the decision of SOAH to suspend Appellant's license for two (2) years is affirmed. All other requested relief not expressly granted in this order is denied.

SIGNED on this the 5th day of May, 2015.

ERIC M. SHEPPERD, Judge Presiding

FILED FOR RECORD
2015 MAY -6 PM 12: 13
DANA DEBEAUVOIR
COUNTY CLERK
TRAVIS COUNTY, TEXAS

Case # C-1-CV-15-001468

This document is current through the 2015 regular session, 84th Legislature, Chapters: 3-11, 13-20, 22-29, 31-32, 34-46, 48, 51, 53-62, 63, 66-68, 70-81, 83, 85-96, 98-99, 101-102, 104-105, 107-112, 114, 116-130, 132-134, 136-141, 143-149, 151-156, 158-159, 161, 165-172, 174, 176, 178-180, 182, 184, 186-200, 202-207, 209-224, 227, 229-234, 236-241, 244-248, 251-252, 254-255, 257-261, 263-268, 270-287, 289-295, 297-300, 302-311, 314, 316-322, 325, 327-328, 333, 335-354, 356-357, 360-363, 365-367, 369-373, 375-381, 383-393, 395-400, 402-407, 409-414, 416-421, 423-424, 426-428, 430-434, 436, 439-447, 449-456, 458-464, 466-468, 472-479, 482-487, 489-495, 498-500, 502-504, 507-514, 516-526, 528-531, 533-540, 542-548, 550-553, 555-556, 558-560, 563-568, 570, 572-576, 578-584, 586-590, 592-596, 600-601, 605-611, 613-614, 616-622, 624, 626, 628-629, 631-632, 634-646, 648, 650-662, 664-665, 669-671, 673-683, 685-686, 688-696, 698, 700-702, 704-705, 709, 711, 714-715, 717-718, 720, 722-728, 730-733, 735, 737-742, 744, 746-751, 753-764, 767, 769, 771-774, 776, 778-786, 788-796, 798-811, 813-820, 822, 824-825, 827-835, 839-840, 842-844, 848-853, 856-859, 861-865, 867-869, 871, 874-876, 879-884, 886-887, 889-895, 897-907, 909, 913-914, 916-923, 926-928, 930, 933, 936-937, 939, 941-943, 947, 951-954, 956, 958-961, 963-965, 967-978, 980-983, 988, 990-991, 994-999, 1001, 1003, 1005-1008, 1010, 1012-1022, 1024-1030, 1033-1036, 1038-1043, 1045, 1047, 1049-1050, 1052, 1057-1064, 1066, 1069, 1071-1072, 1077-1078, 1081-1087, 1090-1093, 1095-1103, 1105-1107, 1110-1116, 1118-1125, 1127-1130, 1132-1137, 1140, 1142-1147, 1149, 1151-1152, 1154-1156, 1159-1160, 1162-1167, 1169, 1171-1172, 1174-1177, 1180-1181, 1184-1190, 1192, 1194-1201, 1204-1205, 1207-1210, 1212-1213, 1216, 1218, 1220-1221, 1223-1224, 1226-1235, 1237-1241, 1245-1250, 1253-1254, 1256, 1258-1260, 1263-1267, 1269-1270, 1274-1275, 1277

*Texas Statutes & Codes Annotated by LexisNexis®* > Government **Code** > *Title 10 General* Government > *Subtitle A Administrative Procedure and Practice* > *Chapter 2001 Administrative Procedure* > *Subchapter G Contested Cases: Judicial Review*

## Sec. 2001.174. Review Under Substantial Evidence Rule or Undefined Scope of Review.

If the law authorizes review of a decision in a contested case under the substantial evidence rule or if the law does not define the scope of judicial review, a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

  **(1)**  may affirm the agency decision in whole or in part; and

  **(2)**  shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

    **(A)**  in violation of a constitutional or statutory provision;

    **(B)**  in excess of the agency's statutory authority;

    **(C)**  made through unlawful procedure;

    **(D)**  affected by other error of law;

    **(E)**  not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

    **(F)**  arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

## History

Enacted by *Acts 1993, 73rd Leg., ch. 268 (S.B. 248), § 1*, effective September 1, 1993.

Texas Statutes & Codes Annotated by LexisNexis®

This document is current through the 2015 regular session, 84th Legislature, Chapters: 3-11, 13-20, 22-29, 31-32, 34-46, 48, 51, 53-62, 63, 66-68, 70-81, 83, 85-96, 98-99, 101-102, 104-105, 107-112, 114, 116-130, 132-134, 136-141, 143-149, 151-156, 158-159, 161, 165-172, 174, 176, 178-180, 182, 184, 186-200, 202-207, 209-224, 227, 229-234, 236-241, 244-248, 251-252, 254-255, 257-261, 263-268, 270-287, 289-295, 297-300, 302-311, 314, 316-322, 325, 327-328, 333, 335-354, 356-357, 360-363, 365-367, 369-373, 375-381, 383-393, 395-400, 402-407, 409-414, 416-421, 423-424, 426-428, 430-434, 436, 439-447, 449-456, 458-464, 466-468, 472-479, 482-487, 489-495, 498-500, 502-504, 507-514, 516-526, 528-531, 533-540, 542-548, 550-553, 555-556, 558-560, 563-568, 570, 572-576, 578-584, 586-590, 592-596, 600-601, 605-611, 613-614, 616-622, 624, 626, 628-629, 631-632, 634-646, 648, 650-662, 664-665, 669-671, 673-683, 685-686, 688-696, 698, 700-702, 704-705, 709, 711, 714-715, 717-718, 720, 722-728, 730-733, 735, 737-742, 744, 746-751, 753-764, 767, 769, 771-774, 776, 778-786, 788-796, 798-811, 813-820, 822, 824-825, 827-835, 839-840, 842-844, 848-853, 856-859, 861-865, 867-869, 871, 874-876, 879-884, 886-887, 889-895, 897-907, 909, 913-914, 916-923, 926-928, 930, 933, 936-937, 939, 941-943, 947, 951-954, 956, 958-961, 963-965, 967-978, 980-983, 988, 990-991, 994-999, 1001, 1003, 1005-1008, 1010, 1012-1022, 1024-1030, 1033-1036, 1038-1043, 1045, 1047, 1049-1050, 1052, 1057-1064, 1066, 1069, 1071-1072, 1077-1078, 1081-1087, 1090-1093, 1095-1103, 1105-1107, 1110-1116, 1118-1125, 1127-1130, 1132-1137, 1140, 1142-1147, 1149, 1151-1152, 1154-1156, 1159-1160, 1162-1167, 1169, 1171-1172, 1174-1177, 1180-1181, 1184-1190, 1192, 1194-1201, 1204-1205, 1207-1210, 1212-1213, 1216, 1218, 1220-1221, 1223-1224, 1226-1235, 1237-1241, 1245-1250, 1253-1254, 1256, 1258-1260, 1263-1267, 1269-1270, 1274-1275, 1277

*Texas Statutes & Codes Annotated by LexisNexis®* > Transportation **Code** > *Title 7 Vehicles and Traffic* > *Subtitle B Driver's Licenses and Personal Identification Cards* > *Chapter 524 Administrative Suspension of Driver's License for Failure to Pass Test for Intoxication* > *Subchapter D Hearing and Appeal*

## Sec. 524.043. Review; Additional Evidence.

**(a)**  Review on appeal is on the record certified by the State Office of Administrative Hearings with no additional testimony.

**(b)**  On appeal, a party may apply to the court to present additional evidence. If the court is satisfied that the additional evidence is material and that there were good reasons for the failure to present it in the proceeding before the administrative law judge, the court may order that the additional evidence be taken before an administrative law judge on conditions determined by the court.

**(c)**  There is no right to a jury trial in an appeal under this section.

**(d)**  An administrative law judge may change a finding or decision as to whether the person had an alcohol concentration of a level specified in *Section 49.01, Penal Code*, or whether a minor had any detectable amount of alcohol in the minor's system because of the additional evidence and shall file the additional evidence and any changes, new findings, or decisions with the reviewing court.

**(e)**  A remand under this section does not stay the suspension of a driver's license.

## History

Enacted by *Acts 1995, 74th Leg., ch. 165 (S.B. 971), § 1*, effective September 1, 1995; am. *Acts 1997, 75th Leg., ch. 1013 (S.B. 35), § 29*, effective September 1, 1997.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2015 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

# *Tex. Transp. Code § 724.042*

This document is current through the 2015 regular session, 84th Legislature, Chapters: 3-11, 13-20, 22-29, 31-32, 34-46, 48, 51, 53-62, 63, 66-68, 70-81, 83, 85-96, 98-99, 101-102, 104-105, 107-112, 114, 116-130, 132-134, 136-141, 143-149, 151-156, 158-159, 161, 165-172, 174, 176, 178-180, 182, 184, 186-200, 202-207, 209-224, 227, 229-234, 236-241, 244-248, 251-252, 254-255, 257-261, 263-268, 270-287, 289-295, 297-300, 302-311, 314, 316-322, 325, 327-328, 333, 335-354, 356-357, 360-363, 365-367, 369-373, 375-381, 383-393, 395-400, 402-407, 409-414, 416-421, 423-424, 426-428, 430-434, 436, 439-447, 449-456, 458-464, 466-468, 472-479, 482-487, 489-495, 498-500, 502-504, 507-514, 516-526, 528-531, 533-540, 542-548, 550-553, 555-556, 558-560, 563-568, 570, 572-576, 578-584, 586-590, 592-596, 600-601, 605-611, 613-614, 616-622, 624, 626, 628-629, 631-632, 634-646, 648, 650-662, 664-665, 669-671, 673-683, 685-686, 688-696, 698, 700-702, 704-705, 709, 711, 714-715, 717-718, 720, 722-728, 730-733, 735, 737-742, 744, 746-751, 753-764, 767, 769, 771-774, 776, 778-786, 788-796, 798-811, 813-820, 822, 824-825, 827-835, 839-840, 842-844, 848-853, 856-859, 861-865, 867-869, 871, 874-876, 879-884, 886-887, 889-895, 897-907, 909, 913-914, 916-923, 926-928, 930, 933, 936-937, 939, 941-943, 947, 951-954, 956, 958-961, 963-965, 967-978, 980-983, 988, 990-991, 994-999, 1001, 1003, 1005-1008, 1010, 1012-1022, 1024-1030, 1033-1036, 1038-1043, 1045, 1047, 1049-1050, 1052, 1057-1064, 1066, 1069, 1071-1072, 1077-1078, 1081-1087, 1090-1093, 1095-1103, 1105-1107, 1110-1116, 1118-1125, 1127-1130, 1132-1137, 1140, 1142-1147, 1149, 1151-1152, 1154-1156, 1159-1160, 1162-1167, 1169, 1171-1172, 1174-1177, 1180-1181, 1184-1190, 1192, 1194-1201, 1204-1205, 1207-1210, 1212-1213, 1216, 1218, 1220-1221, 1223-1224, 1226-1235, 1237-1241, 1245-1250, 1253-1254, 1256, 1258-1260, 1263-1267, 1269-1270, 1274-1275, 1277

*Texas Statutes & Codes Annotated by LexisNexis®*  >  Transportation **Code**  >  *Title 7 Vehicles and Traffic*  >  *Subtitle J Miscellaneous Provisions*  >  *Chapter 724 Implied Consent*  >  *Subchapter D Hearing*

## Sec. 724.042. Issues at Hearing.

The issues at a hearing under this subchapter are whether:

> **(1)**   reasonable suspicion or probable cause existed to stop or arrest the person;

> **(2)**   probable cause existed to believe that the person was:

>> **(A)**   operating a motor vehicle in a public place while intoxicated; or

>> **(B)**   operating a watercraft powered with an engine having a manufacturer's rating of 50 horsepower or above while intoxicated;

> **(3)**   the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

> **(4)**   the person refused to submit to the taking of a specimen on request of the officer.

## History

Enacted by *Acts 1995, 74th Leg., ch. 165 (S.B. 971), § 1*, effective September 1, 1995; am. *Acts 2001, 77th Leg., ch. 444 (H.B. 63), § 12*, effective September 1, 2001.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2015 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

Copyright © 2015 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

This document is current through the 2015 regular session, 84th Legislature, Chapters: 3-11, 13-20, 22-29, 31-32, 34-46, 48, 51, 53-62, 63, 66-68, 70-81, 83, 85-96, 98-99, 101-102, 104-105, 107-112, 114, 116-130, 132-134, 136-141, 143-149, 151-156, 158-159, 161, 165-172, 174, 176, 178-180, 182, 184, 186-200, 202-207, 209-224, 227, 229-234, 236-241, 244-248, 251-252, 254-255, 257-261, 263-268, 270-287, 289-295, 297-300, 302-311, 314, 316-322, 325, 327-328, 333, 335-354, 356-357, 360-363, 365-367, 369-373, 375-381, 383-393, 395-400, 402-407, 409-414, 416-421, 423-424, 426-428, 430-434, 436, 439-447, 449-456, 458-464, 466-468, 472-479, 482-487, 489-495, 498-500, 502-504, 507-514, 516-526, 528-531, 533-540, 542-548, 550-553, 555-556, 558-560, 563-568, 570, 572-576, 578-584, 586-590, 592-596, 600-601, 605-611, 613-614, 616-622, 624, 626, 628-629, 631-632, 634-646, 648, 650-662, 664-665, 669-671, 673-683, 685-686, 688-696, 698, 700-702, 704-705, 709, 711, 714-715, 717-718, 720, 722-728, 730-733, 735, 737-742, 744, 746-751, 753-764, 767, 769, 771-774, 776, 778-786, 788-796, 798-811, 813-820, 822, 824-825, 827-835, 839-840, 842-844, 848-853, 856-859, 861-865, 867-869, 871, 874-876, 879-884, 886-887, 889-895, 897-907, 909, 913-914, 916-923, 926-928, 930, 933, 936-937, 939, 941-943, 947, 951-954, 956, 958-961, 963-965, 967-978, 980-983, 988, 990-991, 994-999, 1001, 1003, 1005-1008, 1010, 1012-1022, 1024-1030, 1033-1036, 1038-1043, 1045, 1047, 1049-1050, 1052, 1057-1064, 1066, 1069, 1071-1072, 1077-1078, 1081-1087, 1090-1093, 1095-1103, 1105-1107, 1110-1116, 1118-1125, 1127-1130, 1132-1137, 1140, 1142-1147, 1149, 1151-1152, 1154-1156, 1159-1160, 1162-1167, 1169, 1171-1172, 1174-1177, 1180-1181, 1184-1190, 1192, 1194-1201, 1204-1205, 1207-1210, 1212-1213, 1216, 1218, 1220-1221, 1223-1224, 1226-1235, 1237-1241, 1245-1250, 1253-1254, 1256, 1258-1260, 1263-1267, 1269-1270, 1274-1275, 1277

*Texas Statutes & Codes Annotated by LexisNexis®* > Transportation **Code** > *Title 7 Vehicles and Traffic* > *Subtitle J Miscellaneous Provisions* > *Chapter 724 Implied Consent* > *Subchapter D Hearing*

## Sec. 724.047. Appeal.

Chapter 524 governs an appeal from an action of the department, following an administrative hearing under this chapter, in suspending or denying the issuance of a license.

## History

Enacted by *Acts 1995, 74th Leg., ch. 165 (S.B. 971), § 1*, effective September 1, 1995.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2015 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.